IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN CHILTON,<br><br>    Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner of Social Security*,[1]<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 21-1918<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 15th day of March 2023, the Court has considered the parties' motions for summary judgment and will grant Defendant's motion. The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1]     The Clerk is directed to amend the caption to reflect that Kilolo Kijakazi is the Acting Commissioner of Social Security.

[2]     Plaintiff has argued that remand is necessary because the ALJ failed to consider whether her past relevant work included composite jobs. For the reasons explained herein, the Court will affirm the ALJ's decision. Upon the Appeals Council's denial of Plaintiff's request for review of the ALJ's decision (R. 1), the ALJ's non-disability determination became the final agency decision. 20 C.F.R. § 404.981. The ALJ's "factual findings . . . are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court has "plenary review" with respect to "all legal issues." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

An ALJ's evaluation of a claimant's alleged disability under the Act proceeds in five steps pursuant to which the ALJ asks: "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other

---

work." *Roberts v. Astrue*, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. § 404.1520(a)(4)(i)—(v). Claimants carry the burden of proof through step four before the burden shifts to the Commissioner to prove a claimant is not disabled because he or she can perform other work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994); 20 C.F.R. § 404.1520(g)(1).

Plaintiff has challenged the ALJ's step-four finding of her past relevant work. Her argument is that the ALJ oversimplified her past work and failed to recognize that she had worked in composite jobs that defied DOT (Dictionary of Occupational Titles) classification. However, the Court is satisfied with the ALJ's step-four finding. At step four, the ALJ found Plaintiff had past relevant work "as a guest services manager and cashier." (R. 27). So finding, he relied on testimony that was offered by a vocational expert ("VE") at Plaintiff's hearing. (*Id.*). At the hearing, the VE testified that Plaintiff "listed multiple jobs in management, food or beverage establishments." (R. 58). He further testified that he "believe[d] [these jobs] would all be covered under what is known as manager, food services, which includes coffeeshops and so forth," for which the "DOT number is 187.167-106." (*Id.*). The VE also testified that Plaintiff's past work included being "a cashier at Whole Foods" and that "cashier II would apply" (DOT 211.462-010). (*Id.*). An ALJ's reliance on such testimony is generally reasonable. *Colon Martinez v. Comm'r of Soc. Sec.*, 2019 WL 3336336, at *3 (D.N.J. July 25, 2019) (quoting *Brown v. Colvin*, 2016 WL 1463772, at *9 (M.D. Pa. Apr. 14, 2016)).

Plaintiff's challenge to this analysis is that the ALJ ought to have considered whether her work as a guest services manager and cashier encompassed significant duties from other occupations such that the ALJ should have considered whether she worked composite jobs. The Court need only address Plaintiff's arguments with respect to one of her past occupations; accordingly, the Court herein addresses her work as a cashier. With respect to this occupation, Plaintiff has argued she performed not only duties of a cashier, but also duties of a "Bagger" (DOT 920.687-014) like bagging groceries, stocking grocery bags, and cleaning her register and belt. If, as Plaintiff has argued, her work as a cashier encompassed "significant elements of two or more occupations" such that it had "no counterpart in the DOT," SSR 82-61, 1982 WL 31387, at *2 (S.S.A. Jan. 1, 1982), then the job should have been found to be a composite job and the ALJ would have had to determine whether Plaintiff could "perform *each job* within a composite job . . . as actually performed or as generally performed in the national economy." *Levyash v. Colvin*, 2018 WL 1559769, at *11 (D.N.J. Mar. 30, 2018) (quoting *Boggs v. Colvin*, 2014 WL 1277882, at *10 (M.D. Pa. Mar. 27, 2014)). In this case, such an analysis would have led to a finding that Plaintiff could not perform this past work because the ALJ had found Plaintiff to be capable of only a limited range of light work (R. 21) and working as a Bagger requires a medium level of exertion.

However, Plaintiff cannot prove the ALJ erred in his step-four analysis merely by now pointing to "some excess or incidental duties" she performed beyond what the DOT includes in its description of a cashier's duties. *Pergentile v. Berryhill*, 2018 WL 5730173, at *12 (D.N.J.

2

Nov. 1, 2018). In *Colon Martinez* the Honorable Judge Kugler articulated five factors that informed his consideration of an ALJ's alleged failure to consider whether a claimant's past work included a composite job that combined the duties of "gambling cashier" and "change person." 2019 WL 3336336, at *3—4. Judge Kugler rejected that challenge to the ALJ's decision and explained that: (1) the claimant's "description of his own work" indicated the work was more like gambling-cashier work than work as a change person; (2) the VE who testified at the claimant's hearing "unequivocally classified [his] past work as a gambling cashier based on [the claimant's] testimony and Disability Report" and the claimant's attorney had not challenged the VE testimony; (3) the claimant only indicated he performed one duty of a change person ("carrying coins"), so he had not shown performance of "significant elements" of change-person work; (4) the claimant merely argued he performed some duties beyond the DOT's description of gambling cashier duties and had not argued he lacked the ability to be a gambling cashier as "*generally performed* in the national economy"; and (5) the claimant's attempted reliance "on non-binding cases and the agency's Program Operations Manuel System" was uncompelling because those sources have no legal force. *Id.* (citations omitted).

Plaintiff's case is like *Colon Martinez* in significant respects. At Plaintiff's hearing, she was asked whether she was a "cashier" at Whole Foods and she confirmed that as accurate. (R. 47). She indicated that she had to lift twenty or thirty pounds of cases or grocery bags and that she had to "load all of the customers' groceries in their cars." (*Id.*). In her Work History Report, Plaintiff indicated that she was a grocery "Cashier." (R. 263). She listed the duties of this job as: "Great [sp] Customers, Ring & Bag their groceries, Stock grocery bags, Clean register & belt." (R. 264). For lifting and carrying, she indicated that she lifted "Bags of groceries, from register to grocery cart, all day during [her] shift." (*Id.*). Based on Plaintiff's representations, the VE unequivocally testified that she had past relevant work as a cashier:

> The other position was that as a cashier at Whole Foods. In the exhibits and testimony, she indicated medium, perhaps light. I have light per testimony. But in any case, cashier II would apply. That's considered unskilled work, SVP 2, and light per the DOT. DOT number is 211.462-010.

(R. 58). The VE indicated his testimony was consistent with the DOT and that any variances between his testimony and the DOT were explained by his education, experience, and "documentation out of the DOT and its companion publications." (R. 62). Plaintiff's attorney had no questions for the VE. (*Id.*). Moreover, while Plaintiff testified she performed some duties beyond those outlined in the DOT description for "cashier II" like bagging groceries and taking them to customers' cars, she gave no indication she performed other baggers' duties like: "[c]ollects shopping carts from parking lot and surrounding areas and returns carts to store[;] [r]eplaces cleaning and packing supplies used at grocery checkout counter[;] [r]eturns grocery items left at checkout counter to specified stock shelves[;] [c]leans work area and carries empty bottles and trash to storeroom[;] [m]ay price and place grocery articles on shelves[;] [m]ay assist

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

                                                                              s/ Alan N. Bloch
                                                                 United States District Judge

ecf:    Counsel of Record

---

in unloading delivery trucks." DOT 920.687-014. Thus, like the claimant in *Colon Martinez*, Plaintiff has not shown performance of "significant elements of two or more occupations." 2019 WL 3336336, at *3. And she has not argued she cannot perform the cashier job as generally performed in the national economy.

Those characteristics that make this case like *Colon Martinez* serve to distinguish Plaintiff's case from *Rankin v. Commissioner of Social Security* where the Court found the ALJ had erred in failing to do a composite-job inquiry. 2019 WL 4140977 (W.D. Pa. Aug. 30, 2019). In *Rankin* the Court noted that the VE testified the claimant's past work was "a very complicated combination job" and that "[t]he only thing that is at all close to it is file supervisor." *Id.* at *3. Despite the VE's hesitancy in classifying the claimant's work, the ALJ concluded that the claimant had past work as a "file supervisor." *Id.* This Court explained that "the ALJ should have continued to question the VE about characterizing [the claimant's] past relevant work instead of abruptly ending the hearing and simply determining that [the claimant] was capable of performing his past relevant work based on a single—and admittedly only somewhat similar—job description." *Id.* at *4. Unlike the ALJ in *Rankin*, the ALJ in this matter reasonably relied on the VE's testimony about Plaintiff's past work as a cashier. Accordingly, the Court will affirm the ALJ's decision finding Plaintiff to be not disabled because she can return to this past relevant work.